**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| DONALD LAVEL GILMORE, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 1:10-CV-38 CAS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on movant's response to the Court's Order to show cause why movant's motion to vacate under 28 U.S.C. § 2255 should not be dismissed as time-barred.

On March 10, 2008, the Court sentenced movant to ten years' imprisonment for possession with intent to distribute 50 grams or more of a mixture containing cocaine base in violation of 21 U.S.C. § 841(a)(1). Movant did not file a direct appeal, and his conviction became final on March 24, 2008.[1]

Under 28 U.S.C. § 2255(f), a federal inmate has one year from "the date on which the judgment of conviction becomes final" to file a § 2255 motion. Accordingly, the limitations period for filing the instant § 2255 motion expired on March 24, 2009. Movant placed his motion to vacate, set aside or correct sentence in the prison mail system on February 25, 2010, which is eleven months after the limitations period expired.

The Court ordered movant to show cause why his § 2255 motion should not be dismissed as time-barred. Movant responds that he did not actually possess more than 50 grams of a mixture

---

[1]Although movant did not file a direct appeal, he subsequently moved for a reduction of sentence and appealed from the denial thereof. However, the filing of the motion for reduction and the appeal therefrom had no effect on the finality of the original judgment. 18 U.S.C. § 3582(b).

containing cocaine base, that his possession of more than 50 grams of a mixture containing cocaine base was a jurisdictional requirement to his conviction and sentence of ten years' imprisonment, and therefore, the Court lacked subject matter jurisdiction to impose a ten-year prison sentence. Movant argues that an argument based on a jurisdictional requirement is not subject to the limitations period set forth in 28 U.S.C. § 2255(f).

Movant relies on Kelly v. United States, 29 F.3d 1107 (7th Cir. 1994), in support of his assertion that "jurisdictional defects are non-waivable" and not subject to the limitations period. Movant's reliance is misplaced. In Kelly, the Court held that the procedural requirements of 21 U.S.C. § 851(a) requiring government to file information notifying defendant prior to trial of its intent to seek an enhanced sentence based on defendant's prior convictions was jurisdictional. Id. at 1111. In the instant case, movant does not argue that the government failed to meet the procedural requirements of § 851. Moreover, this holding from Kelly was expressly overruled by the United States Court of Appeals for the Seventh Circuit in United States v. Ceballos, 302 F.3d 679 (7th Cir. 2002).

Movant has failed to show that a jurisdictional defect existed in the criminal action. Movant was indicted on possession with intent to distribute fifty grams or more of a mixture containing cocaine base. And in his plea agreement, movant expressly admitted that he was in possession of 51.0 grams of crack cocaine when he was arrested. As a result, movant's jurisdictional argument fails, and this case must be dismissed as time-barred.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is **DISMISSED**.

An Order of Dismissal will accompany this Memorandum and Order.

     _____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  27th  day of April, 2010.